UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-61338-BLOOM/Valle

SREAM, INC.,

    Plaintiff,
v.

SMOKE BOX, INC.
    Defendant.
_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiff Sream, Inc.'s ("Plaintiff") Motion to Strike Defendant's The Defendant's Affirmative Defenses, ECF No. [19]. The Court has reviewed the Motion, all supporting and opposing filings and is otherwise duly advised. For the foregoing reasons, the Motion is denied.

### I.    BACKGROUND

On July 6, 2017, Plaintiff filed its Complaint against Smoke This Too, LLC ("Defendant"). ECF No. [1]. Plaintiff asserts three claims against Defendant under the Lanham Act, 15 U.S.C. § 1051 *et. seq*: trademark counterfeiting, trademark infringement, and false designation of origin and unfair competition. *Id.* On August 14, 2017, Defendant filed its Answer and Affirmative Defenses asserting nine affirmative defenses. ECF No. [6]. Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff now moves to strike affirmative defenses six, seven and nine, claiming that each is actually a mere denial of the Complaint's allegations and therefore not proper.

## II. LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and grants a court broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318–19 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995)). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *United States Commodity Futures Trading Comm'n v. Mintco, LLC.*, No. 15-CV-61960, 2016 WL 3944101 at *2 (S.D. Fla. May 17, 2016) (denying in part motion to strike affirmative defenses). Thus, despite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, No. 8:12-CV-2624, 2013 WL 593842, at *2 (M.D. Fla. 2013) (calling Rule 12(f) a "draconian sanction").

Nevertheless, affirmative defenses will be stricken if insufficient as a matter of law. *See Morrison*, 434 F. Supp. 2d at 1319. "Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CV, 2013 WL 1788503, at *1 (S.D. Fla. April 26, 2013).

An affirmative defense is a defense "that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v.*

*Jumpstart Wireless Corp.*, 294 F.R.D. 688, 671 (S.D. Fla. 2013). A defense which addresses a defect in the plaintiff's claim is not, however, an affirmative defense. *Id.*

Some courts in this circuit have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g., Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-CV-900-J-39, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014); *see also Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-CV-337-J-37, 2011 WL 2938467, at *2–3 (M.D. Fla. July 21, 2011). Others have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *See, e.g.*, *Sparta Ins. Co. v. Colareta*, No. 13-60579-CIV, 2013 WL 5588140, at *3 (S.D. Fla. October 10, 2013) (denying in part plaintiff's motion to strike affirmative defenses and instead treating certain defenses as specific denials); *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-CV-1576, 2013 WL 5970721, at *3 (M.D. Fla. November 8, 2013) (denying motion to strike defendant's affirmative defenses because the affirmative defenses provided plaintiff with fair notice); *Ramnarine*, 2013 WL 1788503 at *1 (denying motion to strike affirmative defenses).

In this Court's opinion "the difference in language between Rules 8(a) and Rule 8(b) is subtle but significant." *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, * 2 (S.D. Fla. June 12, 2017). While Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b). Stated more directly, the language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. *See Moore*, 2014 WL 2527162 at *2 ("Whereas [Rule 8's]

3

pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal*'s and *Twombly*'s analyses relied on 'showing' "); *Floyd v. Suntrust Banks, Inc.*, No. 1:10-CV-2620, 2011 WL 2441744 at *7 (N.D. Ga. June 13, 2011) ("In adopting the plausibility standard, the Supreme Court relied heavily on the rule language purporting to require a 'showing' of entitlement to relief.") (citation omitted); *Smith v. Wal-Mart Stores, Inc.*, No. 1:11-CV-226, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) (noting that the Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a), and finding that the plausibility requirement contained therein was inapplicable); *Ramnarine*, 2013 WL 1788503 at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"). Comparable to Rule 8(b), Rule 8(c) requires that a party "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.' " *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd*, 2011 WL 2441744 at *8.

Thus, "affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *Laferte,* 2017 WL 2537259, at *2. The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses. *See* Fed. R. Civ. P. 8. As noted by the Middle District of Alabama, "to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring a 'showing' is to

contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Business Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540–1 (1991)). However, "an affirmative defense must be stricken when the defense is comprised no more than bare-bones, conclusory allegations" or is "insufficient as a matter of law." *Adams*, 294 F.R.D. at 671; *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. August 21, 2007).

An affirmative defense is insufficient as a matter of law where: "'(1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Home Mgmt. Solutions*, Inc., 2007 WL 2412834, at *2 (quoting *Microsoft Corp. v. Jessee's Computers & Repair Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

### III. DISCUSSION

#### A. Sixth Affirmative Defense and Seventh Affirmative Defense

Defendant's Sixth Affirmative Defense asserts that the Plaintiff lacks standing to the extent that it had not acquired rights in writing to its mark prior to the alleged infringement. ECF [6]. Similarly, Defendant's Seventh Affirmative Defense asserts that the Plaintiff's claim should be barred because the Plaintiff has no standing to purse any relief, because the Plaintiff does not have an exclusive license of the mark at issue. *Id.*

Plaintiff moves to strike the Defendant's Sixth and Seventh Affirmative Defenses because the defenses are a mere denial of the Plaintiff's prima facie case, and not a proper affirmative defense. ECF [12]. Plaintiff further argues in the alternative the Defendant's Sixth and Seventh Affirmative Defenses should be treated as denials. *Id.* Defendant responds that many courts have allowed standing to be plead as an affirmative defense. ECF [16].

Although cases within the circuit differ in their position as to the affirmative defense of standing, the Eleventh Circuit has held that "the party invoking federal jurisdiction shoulder the burden of proving standing." *Muschong v. Mullennium Physician Group, LLC,* No. 2:12-CV-705, 2014 WL 3341142, at *3 (S.D. Fla. July 8, 2014) (citing *Bischoff v. Osceola Cnty.*, 222 F.3d 874, 878 (11th Cir. 2000). The Eleventh Circuit has also noted that "the party asserting an affirmative defense has usually has the burden of proving it." *Id.* (quoting *In re Rawson Food Serv.*, Inc., 846 F.2d 1343, 1349 (11th Cir. 1988). The Defendant's standing defense "whether regarded as a specific denial or an affirmative defense . . . still 'serve[s] the laudable purpose of placing [p]laintiff and the [c]ourt on notice of certain issues [d]efendant intends to assert against [p]laintiff's claim.'" *Id.* (quoting *Inlet Harbor Receivers, Inc. v. Fid Nat'l Prop. & Cas. Inc. Co.*, No. 6:08-CV-346, 2008 WL 3200691, at *1 (M.D. Fla. August 6, 2008).

"An affirmative defense is sufficient when it raises substantive factual or legal questions and there is no showing of prejudice to the movant." *Guididas v. Community Nat. Bank Corp.*, No. 8:11-CV-2545, 2013 WL 230243 *2 (M.D. Fla. January 22, 2013). Although the Defendant's Sixth and Seventh Affirmative Defense are "tersely stated," they "provide sufficient notice to [P]laintiff of the grounds on which" Defendant seeks to defend the lawsuit. *Boldstar Technical, LLC v. Home Depot, Inc.*, 517 F. Supp. 2d 1283, 1292 (S.D Fla. 2007). The Defendant's affirmative defenses on standing are not "not insufficient not frivolous and should not be stricken." *Guididas*, 2013 WL 230243 *2. Therefore, the Court denies Plaintiff's Motion to Strike Defendant's Sixth and Seventh Affirmative Defenses.

  B. **Ninth Affirmative Defense**

Defendant's Ninth Affirmative Defense assets that even if the Defendant were liable for counterfeit or any infringement, competitions of actions, the Defendant was without knowledge

6

or wrongful intent. Plaintiff moves to strike the Ninth Affirmative Defense because the Defendant's Ninth Affirmative Defense is merely a denial of Plaintiff's allegation in paragraph 32 of the Complaint. ECF [1] at ¶ 32. Defendant responds that Defendant's Ninth Affirmative Defense asserts the innocent infringer defense that goes towards the Plaintiff's available remedies.

Although innocent infringement may be used to limit statutory damages awarded in an infringement claim, is not an affirmative defense to an infringement claim. 15 U.S.C § 1117(b); *PK Studios, Inc. R.L.R. Investments, LLC*, No. 2:15-CV-389, 2016 WL 4529323, at *4 (M.D. Fla. August 30, 2016). As for the statutory limitation defense, the courts are divided as to whether statutory limitation is an affirmative defense. *Carter v. United States*, 333 F.3d 791, 796 (7th Cir. 2003). The Court finds that Defendant's Ninth Affirmative Defense is not on its face frivolous and, considering the disagreement among courts, is not invalid as a matter of law. See *Home Mgmt. Solutions*, Inc., 2007 WL 2412834, at *2. As such, the Court denies Plaintiff's Motion to Strike Defendant's Ninth Affirmative Defense.

IV. **CONCLUSION**

For the reasons stated above, is it **ORDERED AND ADJUDGED** that Plaintiff's Motion to Strike, ECF No. [12], is **DENIED**.

**DONE AND ORDERED** in Miami, Florida this 10th day of October, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record